## L. L. SMITH V. THE STATE.

No. 9473. Delivered January 20, 1926.

Rehearing denied March 3, 1926.

1.—Sale of Intoxicating Liquor—Statement of Facts—Must be Verified— By Trial Judge.

The statement of facts in this record is not verified by the trial judge, and cannot be considered. See Art. 760 C. C. P. Without a statement of facts no errors are apparent in the record, and the cause is affirmed.

ON REHEARING.

2.—Same—Statement of Facts—Corrected—Will be Considered.

On rehearing it is made to appear that the statement of facts was agreed to by counsel, approved by the trial judge and duly filed, is now entitled to our consideration.

3.—Same—Charge of Court—Defensive Issue—No Error Shown.

While it is true that appellant's defensive theory of a gift by him of the whiskey to appellant was raised by the evidence in the case, and ought properly to have been submitted in the charge, in the absence of an exception to the charge upon that ground or a special charge requested, the matter is not before this court court for review. See Vernon's Tex. Crim. Stats, Art. 737a and 743. Following Linder v. State, 94 Tex. Crim. Rep. 316. Vernon's Tex. Crim. Stat. 1922, Supp. p. 2504, notes 61 and 62.

4.—Same—New Trial—Properly Refused.

Where a new trial is requested on account of the absence of a witness, for whom a subpoena was issued, but not served, but whose testimony was very material to the appellant. In passing upon such a motion the trial judge must consider the materiality of the testimony of the absent witness, its probable truth, and the effect it would probably have upon the verdict of the jury. When the testimony of the appellant and his witnesses is contradictory of the proposed testimony the refusal is warranted. We find no error in refusing appellant a new trial. Following Waul v. The State, 33 Tex. Crim. Rep. 223 and other cases cited. Vernon's Tex. Crim. Stats. Vol. 2, p. 330, note 34, and page 622.

Appeal from the District Court of Fisher County. Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Ponder & Ferrel* of Roby, *T. Vard Woodruff* of Sweetwater, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful sale of intoxicating liquor, punishment fixed at confinement in the penitentiary for a period of two years.

The consideration of the purported statement of facts is not authorized for the reason that it is void of verification by the trial judge. A certificate of approval by the trial judge is essential. Art. 760, C. C. P. 1925.

In the absence of a statement of facts, we are not able to appraise the bill of exceptions complaining of the denial of the motion for a continuance.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—It is made to appear in the motion for rehearing that the statement of facts was agreed to by counsel, approved by the presiding judge and duly filed, though the copy which reached this court did not bear these certificates. The facts now before us are entitled to a consideration.

Appellant was charged in separate counts with the manufacture of intoxicating liquor and with the sale thereof. The conviction is for the latter offense.

Horace Griffin, who is named as the purchaser, testified that on the 25th day of December, he purchased from the appellant a quart of whiskey; that the appellant, in company with one Woolsey, came to the house of the witness and delivered the whiskey; that no payment was made at the time, though it was promised and was subsequently paid. According to Griffin, in making the payment, he gave the appellant seven dollars,

five of which the witness had previously borrowed and two of which were in payment of the whiskey.

Appellant and his wife testified that on the day mentioned by Griffin, he received from the appellant a bottle of whiskey, that it was a gift and not a sale; that the transaction took place at the home of the appellant, which was quite a distance from that of the witness Griffin. It was claimed by both the appellant and his wife that when appellant made Griffin a present of the whiskey, payment was offered by Griffin but was refused by the appellant.

Against the charge the point is made that there was fundamental error in failing to submit the appellant's defensive theory of gift. The court did tell the jury that there could be no conviction unless they found, beyond a reasonable doubt, that the appellant, at the home of Horace Griffin, sold him intoxicating liquor; and further charged "if you have a reasonable doubt as to the presence of the appellant at the time and place, when and where the offense, if any, was committed, you will find him not guilty." It would have been proper for the court to have instructed the jury upon the defensive theory of gift which arose from the testimony of the appellant and his wife. In the absence of an exception to the charge upon that ground or a special charge requested, the matter is not before this court for review. A mere omission in the charge of a defensive theory raised by the evidence is not available in the absence of a procedure directing the attention of the trial court to the omission at the time of the trial. See Vernon's Tex. Crim. Stat., Arts. 737a and 743; also Linder v. State, 94 Tex. Crim. Rep. 316; Vernon's Tex. Crim. Stat., 1922, Sup. p. 2504, notes 61 and 62.

A motion for a continuance was made. Appellant was arrested upon the 17 day of February and tried on the 24th of that month. On the 21st of the month, he made an application for a subpoena for one Webb, alleged to be a resident of Lubbock County. The subpoena had not been returned at the time of the trial. According to the application, the appellant expected to prove by the witness Webb that on the 25th day of December (the date of the alleged sale), he was present at the home of the appellant; that he saw Horace Griffin at the home of the appellant and saw the appellant give him a bottle of whiskey; that the appellant specifically refused to receive pay for it, stating to Griffin that no pay was expected and that it was a gift. The materiality of this testimony cannot be

questioned. The thing to be considered is whether in over-ruling the application and the motion for a new trial the learned trial judge abused his discretion. The term of court at which the trial took place was adjourned on the 5th day of March, some ten days after the trial began. Appellant, testifying in his own behalf, made no mention of the presence of Webb at the time of the alleged transaction. The wife of the appellant, if her testimony is comprehended, was specific in her declaration that Webb was not present. She testified upon her direct examination that she was present; that she saw Griffin, saw the whiskey delivered, heard the conversation, heard the appellant refuse to accept payment, and heard him declare that the whiskey was a gift. On cross-examination she went into details descriptive of the transaction and said:

"My sister was in the room. Her name is Lois Henry. There was no one else; there were no children old enough to know."

The sister named was not called as a witness. On the hearing of the motion for new trial, which was overruled on the 4th of March, there was no explanation of her failure to testify or of the failure to account for the absence of the subpoena for Webb or his affidavit. It is not to be understood that such an affidavit was essential, but the absence of such explanation renders it more difficult for us to find a basis for the conclusion that in overruling of the motion for new trial was an abuse of discretion. For the consideration of the trial judge upon the motion for new trial are the materiality of the testimony of the absent witnesses, its probable truth and the effect it would probably have upon the verdict of the jury. See Vernon's Tex. Crim. Stat., Vol. 2, p. 330, note 34. The declaration has heretofore been made that where the testimony of the appellant and his witnesses is contradictory of the proposed testimony, the refusal of the application is warranted. See Waul v. State, 33 Tex. Crim. Rep. 228, and other cases in Vernon's Tex. Crim. Stat., Vol. 2, p. 608; McAdams v. State, 24 Tex. Crim. App. 86; Hollis v. State, 9 Tex. Crim. App. 643.

The improbability of securing the attendance of the witnesses upon another trial is likewise a matter for consideration.

In the present case, at the time the motion for a continuance was made, the subpoena had not been returned. Whether at the time the motion for new trial was heard it had been returned and whether executed or not, is not revealed. Knowledge of these facts would bear upon the probability of securing his attendance upon a delay. His proposed testimony is apparently

in direct conflict with that of the appellant's wife in that her testimony was to the effect that no others were present besides those named by her. The appellant does not testify that Webb was present, nor does he call his sister-in-law, who was present, to corroborate his own testimony and that of his wife. In view of all these matters, we are constrained to the view that this court would not be authorized to reverse the cause on the point under consideration.

On the sufficiency of the evidence, there is conflict which cannot be reconciled and the issue was one determinable only upon upon the credibility of the respective witnesses. If Griffin's testimony was true, the sale was made at his house. If the testimony of the appellant and his wife was true, no sale was made; the transaction was a gift and took place, not at Griffin's house but at that of the appellant. The credibility of the witnesses was for the jury. The appellant and his wife were interested witnesses, and it cannot be said that the jury was not authorized to determine the issue arising from a conflict of evidence in favor of the state.    See Hawkins v. State, 99 Tex. Crim. Rep. 569.

The motion for rehearing is overruled.

*Overruled.*